ELLEN WERRING v. GEORGE S. GRIMES.[1]

May 4, 1906.

Nos. 14,691—(36).

Appeal by defendant from an order of the district court for Hennepin county, John Day Smith, J., modifying a previous order for an inspection of certain account books and papers; and from an order, Holt, J., vacating a previous order for a stay of proceedings. Affirmed.

*Willis A. McDowell* and *Frank W. Booth*, for appellant.
*John Lind* and *A. Ueland*, for respondent.

PER CURIAM.

For some years prior to January 1, 1903, Ellen Werring and George S. Grimes were partners engaged in conducting a furniture business. Werring

[1] Reported in 106 N. W. 1134.

brought an action for an accounting. On April 10, 1905, the defendant applied to the court for an order directing the plaintiff to permit an inspection of certain account books and papers belonging to the firm. On the hearing the plaintiff claimed that two ledgers, which were described in the notice, had been lost and could not be produced. On May 1, 1905, Hon. John Day Smith, one of the judges of the district court, filed an order which directed the plaintiff to

> Forthwith give to the defendant an inspection and copy of the following described books, papers, and writings pertaining to the business of the late firm of Werring & Grimes, now in the possession or under the control of said Ellen Werring, etc.

This order was served on the plaintiff on May 4, 1905, but the two ledgers were not produced. Thereafter on July 3, 1905, the defendant obtained from Hon. Andrew Holt, another of the judges of the district court, an order staying all proceedings in the action on the part of the plaintiff until the books were produced as required by Judge Smith's order.

The plaintiff then applied to Judge Smith for an order modifying his previous order of May 1, and on August 26 Judge Smith filed an order modifying his previous order, so as to make it read:

> It is ordered that the plaintiff forthwith give to defendant an inspection or permission to take a copy of such of the books and papers hereinafter described pertaining to the business of the late firm of Werring & Grimes as are in the possession or under the control of the said Ellen Werring, etc.

After this order was filed, the matter was again before Judge Holt on a motion by the plaintiff for the modification of his prior order of July 3, and a motion by the defendant for an order appointing a referee to take testimony for the purpose of determining whether the books were lost. On October 24, Judge Holt, after a full hearing, filed an order denying the defendant's motion, and ordering that the order of July 3 be vacated and set aside, and that the referee who had been previously appointed to hear and determine the case proceed to the trial of the case upon eight days' notice of trial given by either party.

The defendant appeals from the order made by Judge Smith on August 26, 1905, modifying his previous order of May 1, 1905, and from the order of Judge Holt of October 24, 1905, directing the parties to proceed to trial.

It thus appears that the trial court did not at any time, at any stage of the proceedings, deny the right of the defendant to an inspection of such books as were in the possession of the plaintiff. There can be no possible question as to the right of Judge Smith to modify the order he had previously made, if he was satisfied from the affidavits that the books had in fact been lost. Judge Holt's first order was proper, and no other order could properly have been made while the original order was in force. After Judge Smith modified his

order, the foundation upon which Judge Holt's first order rested was removed, and he was authorized to exercise his discretion, and grant or refuse the relief sought. Both orders were clearly within the range of the proper discretionary powers of the court. Nor was it an abuse of discretion to refuse to send the issue of the loss of the books to a referee. The questions can all be determined upon the trial of the action.

The orders appealed from are affirmed.